BAP No. MB 26-022

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE FIRST CIRCUIT**

In re:
ANDREW BREITER-WU,
Debtor.

MARK DANKO,
Plaintiff-Appellant,

v.

ANDREW BREITER-WU,
Defendant-Appellee.

On Appeal from the United States Bankruptcy Court
for the District of Massachusetts

CHAPTER 7 CASE NO. 25-11742-EDK
ADVERSARY PROCEEDING NO. 25-01162-EDK
BAP NO. MB 26-022

# BRIEF OF DEFENDANT-APPELLEE ANDREW BREITER-WU

(Appeal from the June 4, 2026 Order Granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint)

Andrew Breiter-Wu
Defendant-Appellee, Pro Se
86 Willard Ave
Seekonk, MA 02771
(617) 334-5785
Legal@breiterplanet.com

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** ........ 2

**STATEMENT REGARDING ORAL ARGUMENT** ........ 4

**STATEMENT OF JURISDICTION** ........ 4

**STATEMENT OF ISSUES PRESENTED AND STANDARDS OF REVIEW.** 5

**STATEMENT OF THE CASE** ........ 6

A. Nature of the Case and Order on Appeal ........ 6

B. Procedural History Relevant to Amendment ........ 7

C. The Operative First Amended Complaint ........ 7

D. Project Payments and State-Court Judgment ........ 8

**SUMMARY OF THE ARGUMENT** ........ 8

**ARGUMENT** ........ 9

I. Count I Fails on the Face of the Pleading; the Hearing Statement Is Not Necessary to Affirmance ........ 10

A. The written order independently identifies the pleading defect ........ 10

B. Rules 8 and 9(b) require a plausible basis for fraudulent intent at formation ........ 10

C. Appellant's written opposition confirms the discovery-first problem ........ 11

D. Rule 12(d) does not require reversal ........ 12

II. Counts II and III Still Fail Under a Proper Causation Analysis ........ 12

A. Stewart permits later-statement claims, but it does not eliminate causation ........ 12

B. The complaint does not identify the later payments with causal specificity ........ 13

C. The complaint does not connect those statements to the asserted $24,500 personal debt ........ 14

III. Husky Does Not Cure Counts IV and V ........ 15

A. Husky requires actual fraud ........ 15

B. Count IV expressly pleads constructive fraud ........ 15

C. Count V identifies no substantive banking or financial law ........ 16

D. Appellant's appellate reformulation cannot cure the pleading ........ 16

IV. The Bankruptcy Court Was Not Required to Grant Another Amendment Sua Sponte ........ 17

A. Appellant had notice and never requested further leave.......................... 17
B. The remaining procedural rules do not create an unrequested right to amend........................................................................................................ 18
V. Alternative Grounds Independently Support Affirmance............................. 19
A. The $24,500 judgment was against BPP, not Appellee............................ 19
B. The alter-ego allegations are conclusory................................................. 20
C. The complaint does not plead the required fraud-to-debt causal link...... 20
**CONCLUSION............................................................................................. 21**
**CERTIFICATE OF COMPLIANCE..............................................................24**
**CERTIFICATE OF SERVICE.......................................................................25**

## TABLE OF AUTHORITIES

**Cases**

Above-All Transp., Inc. v. Fraher (In re Fraher), 2017 WL 715059 (B.A.P. 1st Cir. Feb. 21, 2017) 15
ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46 (1st Cir. 2008) 5, 17
Archer v. Warner, 538 U.S. 314 (2003) 19, 21
Ashcroft v. Iqbal, 556 U.S. 662 (2009)11
Backlund v. Stanley-Snow (In re Stanley-Snow), 405 B.R. 11 (B.A.P. 1st Cir. 2009) 20
Blacksmith Invs., Inc. v. Woodford (In re Woodford), 418 B.R. 644 (B.A.P. 1st Cir. 2009) 20
BLOM Bank SAL v. Honickman, 605 U.S. 204 (2025) 18
Boston & Maine Corp. v. Town of Hampton, 987 F.2d 855 (1st Cir. 1993) 11
Browne v. Lombard (In re Lombard), 2017 BNH 015 (Bankr. D.N.H. Oct. 25, 2017) 16
Burgess v. JPMorgan Chase Bank, N.A. (In re Burgess), BAP No. EP 20-016 (B.A.P. 1st Cir. May 21, 2021) 17
Cohen v. de la Cruz, 523 U.S. 213 (1998) 14, 21
DeWitt v. Stewart (In re Stewart), 948 F.3d 509 (1st Cir. 2020) 4-6, 8, 12, 22
Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc., 778 F.3d 228 (1st Cir. 2015) 5, 17
Foman v. Davis, 371 U.S. 178 (1962) 18
Gem Ravioli, Inc. v. Creta (In re Creta), 271 B.R. 214 (B.A.P. 1st Cir. 2002) 20
Hayduk v. Lanna, 775 F.2d 441 (1st Cir. 1985) 11

Husky Int'l Elecs., Inc. v. Ritz, 578 U.S. 355 (2016) passim
McCrory v. Spigel (In re Spigel), 260 F.3d 27 (1st Cir. 2001) 9
Milk Indus. Regulatory Office of P.R. v. Rosa Dairy Farm, Inc. (In re Rosa Dairy Farm, Inc.), 622 B.R. 806 (B.A.P. 1st Cir. 2020) 5, 19
Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1 (1st Cir. 2011) 11
Palmacci v. Umpierrez, 121 F.3d 781 (1st Cir. 1997) 10
Privitera v. Curran (In re Curran), 554 B.R. 272 (B.A.P. 1st Cir. 2016), aff'd, 855 F.3d 19 (1st Cir. 2017) 5, 9, 17, 19
Sauer Inc. v. Lawson (In re Lawson), 791 F.3d 214 (1st Cir. 2015) 15
SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28 (1st Cir. 2008) 4
Scott v. NG U.S. 1, Inc., 450 Mass. 760 (2008) 20
Watterson v. Page, 987 F.2d 1 (1st Cir. 1993) 12
Zacharakis v. Melo (In re Melo), 558 B.R. 521 (Bankr. D. Mass. 2016) 16
Zutrau v. Zutrau (In re Zutrau), 563 B.R. 431 (B.A.P. 1st Cir. 2017) 11

**Statutes**

11 U.S.C. § 523(a)(2)(A) passim
28 U.S.C. § 1334 4
28 U.S.C. § 157(b) 4
28 U.S.C. § 158(a) 4
28 U.S.C. § 158(b) 4
28 U.S.C. § 158(c) 4
28 U.S.C. § 2106 18

**Rules**

Fed. R. Bankr. P. 4007(c) 18
Fed. R. Bankr. P. 8002 4
Fed. R. Bankr. P. 8015 24-25
Fed. R. Bankr. P. 9024 18
Fed. R. Civ. P. 8 9-10
Fed. R. Civ. P. 9(b) passim
Fed. R. Civ. P. 12(b)(6) 4-5, 12
Fed. R. Civ. P. 12(d) 12, 22
Fed. R. Civ. P. 15(a) 17
Fed. R. Civ. P. 15(c) 18
Fed. R. Civ. P. 41(b) 18

## STATEMENT REGARDING ORAL ARGUMENT

Appellee requests oral argument. The appeal presents interrelated questions concerning pleading sufficiency under Rules 8, 9(b), and 12(b)(6), the proper scope of DeWitt v. Stewart and *Husky International Electronics, Inc. v. Ritz*, the significance of the Bankruptcy Court's reference to the June 4 hearing, and whether Rule 15 required another amendment that Appellant never requested. Oral argument would assist the Panel in separating the legal propositions Appellee does not dispute from the independent pleading and preservation grounds that support affirmance. Appellee will appear in whatever format the Panel directs.

## STATEMENT OF JURISDICTION

The Bankruptcy Court had jurisdiction over this nondischargeability adversary proceeding under 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(I). The June 4, 2026 order dismissed all counts of the First Amended Complaint and finally disposed of the adversary proceeding. App. at 247-51. Appellant filed his notice of appeal on June 18, 2026, within fourteen days of entry of the order. App. at 233-36; Fed. R. Bankr. P. 8002(a). The appeal is therefore from a final order within 28 U.S.C. § 158(a)(1), and this Panel has appellate jurisdiction pursuant to 28 U.S.C. § 158(b)(1) and (c)(1).

## STATEMENT OF ISSUES PRESENTED AND STANDARDS OF REVIEW

The Rule 12(b)(6) and Rule 9(b) dismissals are reviewed de novo. Privitera v. Curran (In re Curran), 855 F.3d 19, 24-25 (1st Cir. 2017); SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 33 (1st Cir. 2008). Well-pleaded factual allegations are assumed true for legal-sufficiency review, but legal conclusions and unsupported inferences are not. Questions concerning the scope of § 523(a)(2)(A), including Stewart and Husky, are likewise reviewed de novo. The Panel may affirm on any preserved ground apparent from the record that requires no further factfinding. See Milk Indus. Regulatory Office of P.R. v. Rosa Dairy Farm, Inc. (In re Rosa Dairy Farm, Inc.), 622 B.R. 806, 817-18 (B.A.P. 1st Cir. 2020).

The amendment issue is reviewed for abuse of discretion. In re Curran, 855 F.3d at 27-28. First Circuit precedent does not ordinarily require a trial court to grant leave sua sponte when no amendment was requested. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56-57 (1st Cir. 2008); Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015).

1. Whether Count I was properly dismissed because the complaint did not plausibly plead fraudulent intent at formation, independent of the court's additional reference to Appellant's hearing statement.

2. Whether Counts II and III fail because the complaint did not identify which later payments or debt were obtained by the September and December 2021 representations, even assuming such post-contract representations can support nondischargeability under DeWitt v. Stewart.

3. Whether Counts IV and V fail under Husky where Count IV expressly pleaded constructive fraud and alleged no concrete fraudulent-transfer or comparable intentional scheme, and Count V identified no banking or financial law allegedly violated.

4. Whether the Bankruptcy Court was required to grant another amendment sua sponte after expressly allowing a further amended complaint, after a renewed motion identified remaining defects, and where Appellant never requested another amendment.

5. Whether preserved personal-debt, alter-ego, and causation deficiencies independently support affirmance.

## STATEMENT OF THE CASE

### A. Nature of the Case and Order on Appeal

Appellant seeks to except $24,500, plus related liabilities, from Appellee's discharge under § 523(a)(2)(A). First Am. Compl. (Dkt. 32), App. at 118, 127. On

June 4, 2026, the Bankruptcy Court dismissed all five counts of the First Amended Complaint. Order Granting Motion to Dismiss (Dkt. 43), App. at 247-51. Appellant timely appealed. Notice of Appeal, App. at 233-36.

**B. Procedural History Relevant to Amendment**

After the original dismissal motion, the Bankruptcy Court denied the motion without prejudice, granted leave to amend, and expressly set February 26, 2026 as the deadline for a "further amended complaint." Orders at Dkts. 28-29, Appellee App. 1-2. Appellant filed the operative First Amended Complaint on February 25. Dkt. 32; App. at 4, 118-27. A renewed motion to dismiss (Dkt. 33; App. at 45-51), Appellant's opposition (Dkt. 40; App. at 204-19), and Appellee's reply (Dkt. 41; App. at 220-25) preceded the June 4 dismissal.

**C. The Operative First Amended Complaint**

The operative First Amended Complaint (Dkt. 32) alleged formation fraud in Count I; relied on September and December 2021 statements in Counts II and III; alleged an "unsustainable financing scheme" expressly characterized as "constructive fraud" in Count IV; and invoked unspecified "banking/financial laws" in Count V. App. at 119-27. It also alleged continuing monthly payments and alter ego, and sought nondischargeability of $24,500 plus related liabilities. App. at 122-23, 127.

**D. Project Payments and State-Court Judgment**

Payment-processor records submitted with the renewed dismissal materials reflect twenty-five $64.83 payments to Breiter Planet Properties, LLC, totaling $1,620.75. App. at 166-67. The executed Settlement Agreement provided for a $5,000 compromise, App. at 153-57, and the separate $25,000 Agreement for Judgment upon uncured default expressly named BPP as judgment debtor. App. at 159. The Malden docket later records that enforcement was stayed as to Appellee but continued against BPP, which ultimately received the $24,500 judgment and execution. App. at 160-63.

## SUMMARY OF THE ARGUMENT

The First Amended Complaint did not plausibly state that a personal debt of Appellee is nondischargeable under § 523(a)(2)(A). Count I failed to plead a sufficient factual basis for fraudulent intent at formation, and the written order identified that defect before referring to the June 4 hearing statement. App. at 251.

Counts II and III fail even under the proper reading of DeWitt v. Stewart because the complaint did not identify which later payments were induced by which statements or how those transfers created the asserted $24,500 personal debt. App. at 122, 124-25, 127. Counts IV and V likewise fail under Husky: Count

IV expressly pleaded "constructive fraud," while Count V invoked unspecified "banking/financial laws." App. at 126-27.

Nor was another amendment required sua sponte. The Bankruptcy Court had already authorized a "FURTHER AMENDED COMPLAINT," and the renewed dismissal papers identified the remaining defects. Appellee App. 1-2; App. at 45-51, 222-25. Appellant never requested further leave or tendered another proposed complaint. His present proposal to add payment details, an actual-fraud theory, and statutes or regulations confirms what the operative pleading lacked. Appellant's Br. at 30, 32. Independent grounds also support affirmance: no sufficiently pleaded $24,500 personal debt, alter-ego basis, or fraud-to-debt causal link.

## ARGUMENT

Section 523(a)(2)(A) is construed stringently. In re Spigel, 260 F.3d 27, 32 (1st Cir. 2001). Rule 9(b) permits intent to be alleged generally, but Rule 8 still requires sufficient nonconclusory facts to make the claim plausible. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017).

## I. Count I Fails on the Face of the Pleading; the Hearing Statement Is Not Necessary to Affirmance

### A. The written order independently identifies the pleading defect.

The June 4 dismissal order (Dkt. 43) first held that Count I lacked sufficiently particularized facts supporting the conclusion that Appellee lacked intent to perform when the October 2020 representations were made. App. at 251. Only then did it refer to Appellant's statement that he needed discovery to determine Appellee's intent. Id. The Panel can therefore affirm on the facial pleading defect without treating the hearing statement as evidence or a judicial admission.

### B. Rules 8 and 9(b) require a plausible basis for fraudulent intent at formation.

Rule 9(b) permits intent to be alleged generally, but Rule 8 requires enough factual matter to make fraudulent intent plausible. For a promise of future performance, the relevant question is whether the debtor lacked present intent to perform when the promise was made. Palmacci v. Umpierrez, 121 F.3d 781, 786-89 (1st Cir. 1997).

Later conduct may be circumstantial evidence, but it does not automatically make the October 2020 promise fraudulent. Appellee does not ask the Panel to

disbelieve the alleged September and December 2021 events. Ocasio-Hernández and Iqbal require crediting well-pleaded historical facts, not accepting the legal inference that those later events necessarily establish fraudulent intent eleven months earlier. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Count I asserted lack of intent at formation, but the later allegations did not themselves supply a plausible basis for that earlier intent. App. at 119, 124; see Zutrau v. Zutrau (In re Zutrau), 563 B.R. 431, 445 (B.A.P. 1st Cir. 2017). Merits decisions finding contractor fraud after evidentiary development do not establish that this pleading sufficiently alleged formation intent.

**C. Appellant's written opposition confirms the discovery-first problem**.

In his opposition to the renewed motion to dismiss (Dkt. 40), Appellant wrote that "key facts" concerning internal intent, customer funds, corporate records, and financial practices were within Appellee's control and "will be developed through discovery." App. at 206. Even when fraud facts lie within an opponent's knowledge, the complaint must provide a factual basis for the claim. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985); Boston & Maine Corp. v. Town of Hampton, 987 F.2d 855, 866 (1st Cir. 1993).

**D. Rule 12(d) does not require reversal.**

The official hearing transcript is not reproduced in Appellant's appendix, and Appellee relies only on the Bankruptcy Court's written description. Even assuming that consideration of the oral statement as material outside the pleading would have been improper, reversal does not follow. Review of the Rule 12(b)(6) dismissal is de novo, and Count I can be affirmed on the independent facial deficiency the written order identified before mentioning the hearing. App. at 251. The order also stated the governing limits on Rule 12 materials and did not resolve disputed evidentiary facts in its dismissal analysis. App. at 249-51; see Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

## II. Counts II and III Still Fail Under a Proper Causation Analysis

**A. Stewart permits later-statement claims, but it does not eliminate causation.**

The June 4 order stated that Counts II and III concerned statements made "after the debt was incurred." App. at 251. Appellee does not defend that language as a categorical rule that post-contract misrepresentations can never support nondischargeability. DeWitt v. Stewart recognizes that later representations may matter where they actually induce additional value or loss, but it still requires reliance and causation. 948 F.3d 509, 520-21 (1st Cir. 2020).

Thus, if Appellant's theory is that the September and December 2021 statements created new nondischargeable debt by inducing additional monthly payments, the complaint had to plausibly connect an identified later representation to an identified later transfer or liability.

**B. The complaint does not identify the later payments with causal specificity**.

The First Amended Complaint alleges only that Appellant "continued to make monthly payments" after the alleged later representations. Dkt. 32; App. at 120-25. It does not identify a post-September or post-December payment by date or amount, state how many payments followed either statement, or allege which statement caused which transfer. The payment-processor records themselves appear at App. 166-67, but the complaint does not plead which payment was induced by which statement. A payment ledger is not invariably required; the deficiency is the missing causal connection.

Appellant's opening brief confirms the omission by stating that another amendment would add the specific later payments "by date and amount" to show that each representation induced new value. Appellant's Br. at 32. Those facts were not in the operative pleading. And even if the general allegation of continued payment were sufficient to plead causation as to some later payment, the complaint

still does not plausibly connect that liability to a personal debt of Appellee; that independent defect is addressed in Part V.

**C. The complaint does not connect those statements to the asserted $24,500 personal debt**.

The prayer seeks a determination that $24,500, plus related liabilities, is nondischargeable, yet the complaint does not connect that amount to any payment allegedly induced by the September or December statements. First Am. Compl., App. at 127. Appellee raised that defect below in the reply supporting renewed dismissal. Dkt. 41; App. at 222-23.

Cohen v. de la Cruz permits all liability arising from fraud to be nondischargeable once money or property has been obtained by the fraud; it does not eliminate the initial causal predicate. 523 U.S. 213, 218-23 (1998). Here, the complaint does not identify which later payment was obtained by which representation or explain how those payments generated the asserted $24,500 personal debt. Dkt. 32; App. at 120-25, 127. Appellee preserved that causation objection below. Dkt. 41; App. at 222-23. Accordingly, even if the Bankruptcy Court stated the timing rationale too categorically, Counts II and III remain deficient on causation.

## III. Husky Does Not Cure Counts IV and V

### A. Husky requires actual fraud.

Husky held that "actual fraud" under § 523(a)(2)(A) is not limited to direct misrepresentations, but it still requires wrongful intent and preserves the statute's "obtained by" requirement. 578 U.S. 355, 359-60, 365 (2016). Husky involved a concrete fraudulent-conveyance scheme; it did not hold that undercapitalization, strained operations, or use of current receipts for earlier obligations automatically constitutes actual fraud. Id. at 357-65; see Sauer Inc. v. Lawson (In re Lawson), 791 F.3d 214, 219-20 (1st Cir. 2015); Above-All Transp., Inc. v. Fraher (In re Fraher), 2017 WL 715059, at *4 (B.A.P. 1st Cir. Feb. 21, 2017).

### B. Count IV expressly pleads constructive fraud.

The First Amended Complaint's scheme allegations appear at App. 122-23, and Count IV expressly states that the alleged conduct constitutes "constructive fraud under 11 U.S.C. §523(a)(2)(A)." Dkt. 32; App. at 126. Husky distinguishes actual fraud from constructive or implied fraud. 578 U.S. at 360. The label is not dispositive, but the factual allegations do not cure the problem: Count IV identifies no specific fraudulent transfer, diverted transaction, date, amount, or asset

personally obtained by Appellee, and no comparable intentional scheme of the kind present in Husky.

**C. Count V identifies no substantive banking or financial law**.

Count V of the First Amended Complaint (Dkt. 32) alleges violations of "banking and financial laws" without identifying a statute, regulation, or other substantive source of liability. App. at 126-27. Appellee specifically raised that omission in the reply below. Dkt. 41; App. at 224-25. Section 523(a)(2)(A) determines dischargeability; it does not create the underlying debt. See Browne v. Lombard (In re Lombard), 2017 BNH 015, at 6-8 (Bankr. D.N.H. Oct. 25, 2017); Zacharakis v. Melo (In re Melo), 558 B.R. 521, 561 (Bankr. D. Mass. 2016).

**D. Appellant's appellate reformulation cannot cure the pleading**.

Appellant now says he would recast Count IV as actual fraud and identify statutes or regulations for Count V. Appellant's Br. at 32. Those are proposed additions, not allegations in the operative complaint. Husky does not authorize the Panel to rewrite the pleading or supply missing allegations of wrongful intent, substantive liability, and causation.

### IV. The Bankruptcy Court Was Not Required to Grant Another Amendment Sua Sponte

Appellant already received an amendment opportunity. The Bankruptcy Court denied the first dismissal motion without prejudice, granted leave to amend, and expressly set a deadline for a "FURTHER AMENDED COMPLAINT." Dkts. 28-29; Appellee App. 1-2. Appellant filed the operative pleading at Dkt. 32, then opposed the renewed dismissal motion at Dkt. 40 without seeking another amendment. App. at 4, 204-19.

Rule 15(a)(2) does not require a court to invite serial amendments sua sponte. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56-57 (1st Cir. 2008); Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015). Curran and Burgess likewise reject saving additional allegations until after dismissal. In re Curran, 554 B.R. 272, 286-87 (B.A.P. 1st Cir. 2016), aff'd, 855 F.3d 19 (1st Cir. 2017); In re Burgess, BAP No. EP 20-016, slip op. at 14-15.

#### A. Appellant had notice and never requested further leave.

The February 5 orders at Dkts. 28-29 granted leave and set February 26 as the deadline for a "FURTHER AMENDED COMPLAINT." Appellee App. 1-2. Appellant filed the operative complaint at Dkt. 32 on February 25. App. at 4, 118-27. Before judgment, the renewed motion (Dkt. 33; App. at 45-51) challenged

personal debt, the "obtained by" requirement, Rule 9(b), and personal liability; the reply (Dkt. 41; App. at 222-25) addressed later-payment causation, alter ego, and Counts IV and V. Appellant therefore had notice of the asserted deficiencies.

Appellant concedes that he "did not file a motion for leave to amend in the Bankruptcy Court," and the adversary docket reflects no later amendment motion before dismissal. Appellant's Br. at 30; App. at 4-5. He also never tendered a proposed second amended complaint. His present proposal to add payment details, recast Count IV, and identify laws for Count V, Appellant's Br. at 32, confirms that those allegations were never presented below.

**B. The remaining procedural rules do not create an unrequested right to amend**.

Rule 41(b)'s effect, Rule 4007(c)'s deadline, and Rule 15(c)'s relation-back doctrine do not impose a duty to grant amendment never requested. Foman concerns discretion when leave is sought. After judgment, BLOM Bank SAL v. Honickman likewise requires relief from judgment before amendment; Rule 15 does not itself reopen a final case. 605 U.S. 204, 213 (2025); Fed. R. Bankr. P. 9024. Section 2106 supplies remedial authority on appeal, not a basis for finding abuse of discretion below. On this record, the absence of another sua sponte amendment opportunity was not reversible error.

**V. Alternative Grounds Independently Support Affirmance**

The Panel may affirm on any preserved ground apparent from the record requiring no new factfinding. In re Curran, 855 F.3d 19; In re Rosa Dairy Farm, Inc., 622 B.R. 806, 817-18.

**A. The $24,500 judgment was against BPP, not Appellee.**

This ground does not depend on resolving disputed facts or treating the payment ledger as contradicting the complaint. The First Amended Complaint itself does not allege that Appellant transferred $24,500 to Appellee personally. Dkt. 32; App. at 118-27. The judicially noticeable Malden materials then identify the later debt differently: the settlement provided for a $5,000 compromise, App. at 153-57, the $25,000 Agreement for Judgment expressly named BPP as judgment debtor, App. at 159, and the later $24,500 monetary judgment and execution ran against BPP. App. at 160-63. The docket separately records an earlier clerk default against Appellee at App. 79. Payment-processor records, to the extent considered as documents central to the pleaded payment relationship, likewise reflect payments to BPP rather than Appellee personally. App. at 166-67.

A prior personal judgment was not required, and settlement does not erase underlying fraud. Archer v. Warner, 538 U.S. 314, 320-23 (2003). But BPP's

judgment amount cannot substitute for allegations establishing a personal debt of Appellee obtained by fraud. See In re Woodford, 418 B.R. 644, 652-53 (B.A.P. 1st Cir. 2009); In re Stanley-Snow, 405 B.R. 11, 19-24 (B.A.P. 1st Cir. 2009).

**B. The alter-ego allegations are conclusory**.

Massachusetts disregards the corporate form only in exceptional circumstances. Scott v. NG U.S. 1, Inc., 450 Mass. 760, 767-70 (2008). The First Amended Complaint recites domination, undercapitalization, commingling, and similar labels but identifies no particular commingled account, personal expense, transfer to Appellee, diverted project funds, or transaction causing Appellant's loss. Dkt. 32; App. at 123. Appellee raised that defect in the renewed dismissal papers. Dkt. 33, App. at 50-51; Dkt. 41, App. at 224. The project-payment and judgment documents consistently identify BPP, reinforcing the need for concrete allegations connecting misuse of the LLC to Appellant's injury. App. at 159, 163, 166-67.

**C. The complaint does not plead the required fraud-to-debt causal link**.

Section 523(a)(2)(A) requires a causal connection between fraud and the debt. In re Creta, 271 B.R. 214, 218-20 (B.A.P. 1st Cir. 2002). The complaint does not explain how the October 2020 theory created a $24,500 personal debt, and its later-statement theories do not identify which payment followed which representation or was caused by it. App. at 119, 122, 124-27. Counts IV and V

likewise do not identify money or property Appellee personally obtained through the alleged scheme.

Cohen v. de la Cruz permits all liability arising from fraud to be nondischargeable once money or property is obtained by fraud; it does not eliminate that threshold causal requirement. 523 U.S. 213, 218-23 (1998). Archer permits looking behind a settlement, but doing so here exposes rather than cures the missing causal link. 538 U.S. at 320-23.

## CONCLUSION

This appeal does not turn on whether Appellant can now articulate a stronger fraud theory than the one he pleaded below. The question is whether the operative First Amended Complaint stated a plausible claim that a personal debt of Appellee was obtained by fraud and therefore excepted from discharge under § 523(a)(2)(A). It did not.

Count I failed on the face of the pleading because the complaint did not allege facts making it plausible that Appellee lacked intent to perform when the October 2020 representations were made. The Bankruptcy Court identified that defect in its written order before referring to anything Appellant said at the June 4 hearing. Dkt. 43; App. at 251. The Panel therefore need not treat the hearing

statement as evidence, a judicial admission, or a basis for conversion under Rule 12(d) in order to affirm.

Counts II and III fare no better. Even assuming post-contract representations may support nondischargeability under DeWitt v. Stewart, the complaint did not identify which later payments were induced by which September or December 2021 statement, or how those payments created the asserted $24,500 personal debt. Dkt. 32; App. at 120-25, 127. Appellant now says he would add those payments by date and amount. Appellant's Br. at 32. That is not a reason to reverse; it is confirmation that the causal allegations were missing from the operative pleading.

Counts IV and V suffer from the same problem in different form. Count IV expressly pleaded "constructive fraud," not the actual fraud required by Husky, and identified no specific fraudulent transfer or property personally obtained by Appellee. App. at 122-23, 126. Count V invoked unidentified "banking and financial laws" without naming the statute, regulation, or substantive source of liability. App. at 126-27. Appellant's present proposal to recast Count IV and supply legal authorities to Count V again describes a different pleading from the one the Bankruptcy Court was asked to decide.

Nor was Appellant denied the opportunity to amend. The Bankruptcy Court had already denied the first dismissal motion without prejudice, granted leave to

amend, and expressly authorized a "FURTHER AMENDED COMPLAINT." Dkts. 28-29; Appellee App. 1-2. After Appellee's renewed motion and reply identified the remaining defects, Appellant chose to defend the First Amended Complaint. He did not seek further leave or tender another proposed complaint. A litigant who has already been given an amendment opportunity cannot convert the decision to stand on the resulting pleading into reversible error because, after dismissal, he can imagine additional allegations he might have made.

Finally, the preserved alternative grounds reinforce the same result. The record distinguishes the project payments from the later Malden judgment. The payment records reflect $1,620.75 paid to Breiter Planet Properties, LLC, while the later Agreement for Judgment and final $24,500 judgment ran against BPP, not Appellee personally. App. at 153-59, 160-67. The complaint's alter-ego allegations were conclusory, and it never plausibly bridged the gap between the alleged fraud and a $24,500 personal debt of Appellee. Section 523(a)(2)(A) excepts debts arising from fraud; it does not transform a corporate judgment into a personal nondischargeable debt merely by labeling the underlying business dispute fraudulent.

The Bankruptcy Court reached the correct result. Even if the Panel disagrees with some portion of the court's stated reasoning, the operative complaint still

failed to plead the elements necessary for nondischargeability, Appellant already received a meaningful opportunity to amend, and the record supplies independent grounds for affirmance. The June 4, 2026 order should therefore be affirmed in full.

Dated: October 5, 2026

Respectfully submitted,

/s/ Andrew Breiter-Wu
**ANDREW BREITER-WU**
Defendant-Appellee, Pro Se
86 Willard Ave
Seekonk, MA 02771
(617) 334-5785
Legal@breiterplanet.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the 30-page limitation for a principal brief under Fed. R. Bankr. P. 8015(a)(7)(A). The filed brief is 28 pages in total, including the cover page and the two First Circuit BAP disclosure forms that are excluded from the applicable length limitation. Excluding those three pages, the brief is 25 pages and therefore does not exceed the 30-page limit. This calculation is conservative because Fed. R. Bankr. P. 8015(g) separately excludes additional portions of the brief from any length limitation. I further certify that this brief complies with the typeface and type-style requirements of Fed. R. Bankr. P.

8015(a)(5) and (6) because it was prepared using 14-point Times New Roman, a proportionally spaced typeface.

/s/ Andrew Breiter-Wu
Andrew Breiter-Wu
Defendant-Appellee, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I served a true and correct copy of the foregoing Brief of Defendant-Appellee Andrew Breiter-Wu and the accompanying Appellee's Appendix upon Plaintiff-Appellant Mark Danko by first-class U.S. Mail, postage prepaid, addressed as follows:

Mark Danko
302 Melrose Street
Melrose, MA 02176

As a courtesy only, I also transmitted a copy by email to mwdanko@gmail.com.

/s/ Andrew Breiter-Wu
Andrew Breiter-Wu
Defendant-Appellee, Pro Se

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE FIRST CIRCUIT**

BAP NO. MB 26-022 Bankruptcy Case No. 25-11742-EDK

Andrew Breiter-Wu Debtor.

Mark Danko Appellant,

v.

Andrew Breiter-Wu Appellee.

## STATEMENT REGARDING RELATED CASES

1st Cir. BAP L.R. 8014-1(a)(2)

☐ The undersigned certifies that the following are known related cases and appeals:

| Case Name | Court | Status of Case |
|---|---|---|
| | | |
| | | |

☑ The undersigned certifies that the undersigned knows of no related cases or appeals as that term is defined in 1st Cir. BAP L.R. 8014-1(a)(2)(A).

[signature]

Attorney or Pro Se Party

Andrew Breiter-Wu, Pro Se
86 Willard Ave
Seekonk, MA 02771
Telephone Number: 617-334-5785
Facsimile Number: N/A
Email: Legal@breiterplanet.com

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE FIRST CIRCUIT**

BAP NO. MB 26-022 Bankruptcy Case No. 25-11742-EDK

Andrew Breiter-Wu Debtor.

Mark Danko Appellant,

v.

Andrew Breiter-Wu Appellee.

## STATEMENT REGARDING INTERESTED PARTIES

1st Cir. BAP L.R. 8014-1(a)(3)

☑ The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable the judges of the Panel to evaluate possible disqualification or recusal.

1. Breiter Planet Properties, LLC
2. Beazley Syndicates at Lloyd's / Certain Underwriters at Lloyd's (Policy No. ENC 0005020-01)

☐ The undersigned certifies that the undersigned knows of no interested party as that term is defined in 1st Cir. BAP L.R. 8014-1(a)(3)(A).

Attorney or Pro Se Party

Andrew Breiter-Wu, Pro Se
86 Willard Ave
Seekonk, MA 02771
Telephone Number: 617-334-5785
Facsimile Number: N/A